AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| DANIEL MENDIA, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| THE CITY OF NEW YORK, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. *13 - CV - 2 8 4 3*

## *Amended* SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                                      *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANIEL MENDIA,

                           Plaintiff,

                -against-

THE CITY OF NEW YORK, SERGEANT MATTHEW
RIZZUTO, Shield No.: 5708, SERGEANT GREGORY
PRYER, Shield No.: 4705 and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently
unknown),

                           Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.: 13-CV-2843

**JURY TRIAL DEMANDED**

Plaintiff, Daniel Mendia, by his attorney, Jon L. Norinsberg, Esq., complaining of the
defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,
as said rights are secured by said statutes and the Constitutions of the State of New York and the
United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the
First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is a Hispanic male and was at all relevant times a resident of the

City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department,

a duly authorized public authority and/or police department, authorized to perform all functions of

a police department as per the applicable sections of the New York State Criminal Procedure Law,

acting under the direction and supervision of the aforementioned municipal corporation, the City of

New York.

9.      At all times hereinafter mentioned, the individually named defendants, SERGEANT

MATTHEW RIZZUTO, SERGEANT GREGORY PRYER, and P.O.s "JOHN DOE" #1-10, were

duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.      At all times hereinafter mentioned, the defendants, either personally or through their

employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.    On or about April 18, 2012, at approximately 4:00 p.m., plaintiff Daniel Mendia was a passenger in a 1999 blue Dodge minivan operated by Luis Jara, in the vicinity of 111th Street and 101st Avenue, in the county of Queens, in the City and State of New York.

14.    The minivan was suddenly pulled over by an unmarked police vehicle, allegedly because the vehicle had a taillight out.

15.    The stop was entirely pretextual in nature, as the taillight was not, in fact, out.

16.    Thereafter, defendant police officers approached the vehicle screaming "I know you have a gun in the vehicle."

17.    At no time did plaintiff Daniel Mendia *ever* possess a firearm; much less keep one inside the vehicle.

18.    Plaintiff Daniel Mendia denied having any firearm on his person or inside his vehicle.

19.    Thereafter, defendant police officers ordered plaintiff Daniel Mendia to exit the vehicle, an instruction he fully complied with.

20.    Defendant police officers then proceeded to unlawfully search Daniel Mendia and the minivan, finding no firearm whatsoever.

21.    Despite finding no such firearm, plaintiff Daniel Mendia was nonetheless arrested for, *inter alia*, Criminal Possession of a Weapon in the Second Degree.

22.    In connection with this arrest, defendant filled out false and misleading police reports and forwarded them to prosecutors in the Queens County District Attorney's Office.

23.    Plaintiff was thereafter arraigned on April 19, 2012 at approximately 5:30 A.M.

24.    Plaintiff Daniel Mendia spent the next four (4) days as a prisoner in Rikers Island Correctional Facility.

25.    As a result of this unlawful arrest, plaintiff Daniel Mendia spent approximately four (4) days in jail, and was required to make multiple court appearances to defend himself against the false charges which defendants had filed against him.

26.    Notwithstanding defendants' unlawful and perjurious conduct, on December 5, 2012 all charges against plaintiff Daniel Mendia were dismissed.

27.    As a result of the foregoing, plaintiff Daniel Mendia sustained, *inter alia,* loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30.    All of the aforementioned acts deprived plaintiff Daniel Mendia of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     As a result of defendants' aforementioned conduct, plaintiff Daniel Mendia was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

36.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants misrepresented and falsified evidence before the District Attorney.

39.     Defendants did not make a complete and full statement of facts to the District Attorney.

40.     Defendants withheld exculpatory evidence from the District Attorney.

41.     Defendants were directly and actively involved in the initiation of criminal proceedings against Daniel Mendia.

42.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff Daniel Mendia.

43.     Defendants acted with malice in initiating criminal proceedings against plaintiff Daniel Mendia.

44.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Daniel Mendia.

45.     Defendants lacked probable cause to continue criminal proceedings against plaintiff Daniel Mendia.

46.     Defendants acted with  malice in continuing criminal proceedings against Daniel Mendia.

47.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Daniel Mendia's favor in October, 2012, when all charges against him were dismissed.

49.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" as if the same were more fully set forth at length herein.

51.     Defendants created false evidence against plaintiff Daniel Mendia.

52.     Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's Office.

53.     In creating false evidence against plaintiff Daniel Mendia, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54.     As a result of the defendants' fabrication of evidence, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## <u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The aforementioned individual defendants issued legal process to place plaintiff

Daniel Mendia under arrest.

57.     The aforementioned individual defendants arrest plaintiff Daniel Mendia in order

to obtain a collateral objective outside the legitimate ends of the legal process.


58.     The aforementioned individual defendants acted with intent to do harm to plaintiff

Daniel Mendia, without excuse or justification.

59.     As a result of the foregoing, plaintiff Daniel Mendia sustained, *inter alia*, mental

anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his

constitutional rights.

## FIFTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "59" as if the same were more fully set forth at length herein.

61.     Defendants arrested and incarcerated plaintiff Daniel Mendia in the absence of any

evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and

incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

62.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials, with all the actual and/or apparent

authority attendant thereto.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Daniel Mendia.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Daniel Mendia as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Daniel Mendia as alleged herein.

67.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Daniel Mendia was incarcerated unlawfully for four (4) days.

68.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Daniel Mendia.

69.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Daniel Mendia's constitutional rights.

70.    All of the foregoing acts by defendants deprived plaintiff Daniel Mendia of federally protected rights, including, but not limited to, the right:

       A.    Not to be deprived of liberty without due process of law;

       B.    To be free from seizure and arrest not based upon probable cause;

       C.    To be free from unwarranted and malicious criminal prosecution;

       D.    Not to have cruel and unusual punishment imposed upon him; and

       E.    To receive equal protection under the law.


**WHEREFORE**, plaintiff Daniel Mendia demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      December 2, 2013

BY: _____
    JON L. NORINSBERG (norinsberg@aol.com)
    Attorney for Plaintiff
    225 Broadway, Suite 2700
    New York, N.Y. 10007
    (212) 791-5396

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INDEX NO.:    13-CV-2845

---

DANIEL MENDIA,

                                    Plaintiff,

           -against-

THE CITY OF NEW YORK, SERGEANT MATTHEW RIZZUTO, Shield No.: 5708, SERGEANT GREGORY PRYER, Shield No.: 4705 and  P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

---

## AMENDED SUMMONS AND COMPLAINT

---

### JON L. NORINSBERG
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

---

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To

Attorney(s) for   Defendants

---

Service of a copy of the within is hereby admitted.         Dated

                _____

Attorney(s) for

_____

PLEASE TAKE NOTICE

☐    <u>NOTICE OF ENTRY</u>

    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within named court on          20

☐    <u>NOTICE OF SETTLEMENT</u>

    that an order                    of which the within is a true copy
    will be presented for settlement to the HON.        one of the judges of the
    within named Court, at
    on                20        at

Dated,                                        Yours, etc